Hon. Benjamin Greshin Village Attorney, Head-of-the-Harbor
This is in response to your inquiry as to whether the village attorney may also be an acting village justice.
Village Law, § 3-300 (4) provides:
 "Except as is otherwise provided by law, no person shall be disqualified from holding a village office by reason of holding any public office unless such public officer could not fully discharge the duties and obligations of any such other office."
Public offices are incompatible when their performance by one person results in a conflict of duty so that conceivably the incumbent of one cannot with propriety discharge the duties of both (People ex rel. Ryan vGreen, 58 N.Y. 295, 304-5 [1874]).
Although we are advised that the individual in question does not prosecute, a village attorney may be authorized to prosecute various cases, pursuant to Village Law, § 20-2006. For that reason, we previously concluded that the same person may not, at the same time, hold the position of village attorney and the office of village justice in the same village (1971 Atty Gen [Inf Opns] 154). Similarly, the Comptroller concluded that the position of village attorney is incompatible with that of acting police justice (17 Opns St Comp 136 [1961]).
In addition to the reasoning advanced in prior opinions, we note section 16 of the Judiciary Law, which provides:
 "A judge shall not practice or act as an attorney or counsellor in a court of which he is, or is entitled to act as a member, or in an action, claim, matter, motion or proceeding originating in that court."
Pursuant to the rules governing judicial conduct, a judge who is permitted to practice law shall, nevertheless, not practice law in the court in which he is a judge (22 NYCRR 33.5), and even the appearance of impropriety should be avoided (22 NYCRR 33.2).
From all of the foregoing, it is our opinion that the position of village attorney is incompatible with that of acting village justice.